Filed 6/14/16  Andrea G. v. Superior Court CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ANDREA G.,<br><br>  Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN LUIS OBISPO COUNTY,<br><br>  Respondent;<br><br>COUNTY OF SAN LUIS OBISPO DEPARTMENT OF SOCIAL SERVICES,<br><br>  Real Party in Interest. | 2d Civil No. B270788<br>(Super. Ct. No. 15JD-00057)<br>(San Luis Obispo County) |

Andrea G. (Mother) challenges an order of the juvenile court denying further family reunification services and setting a permanent plan hearing regarding her minor child, D.M.  (Welf. & Inst. Code, § 366.26, subd. (c).)[1]  We deny her petition for extraordinary writ relief.

---

[1] All statutory references are to the Welfare and Institutions Code .

*FACTUAL AND PROCEDURAL HISTORY*

Mother and A.M. (Father) are the parents of two young children, D.M. and G.M.[2] On February 25, 2015, the San Luis Obispo Department of Social Services (DSS) detained D.M. and G.M. from the care of Mother and Father due to their failure to provide for the children or to adequately supervise them. Each child has significant development delays and behavior problems. Mother was homeless and Father was incarcerated for violating a domestic violence protective order. Mother also has a criminal history of domestic violence convictions. Since 2012, DSS had provided pre-intervention services to the parents without success.

On February 25, 2015, DSS filed a dependency petition on behalf of the two children. DSS alleged that they were at significant risk of physical or emotional harm due to Mother's and Father's failure to supervise them, provide for them, or access treatment programs for their special needs. (§ 300, subd (b).) On February 26, 2015, the juvenile court held a detention hearing. It found a prima facie case regarding the dependency petition, placed the children in the temporary care and custody of DSS, and set the matter for a jurisdiction and disposition hearing.

On March 25, 2015, the juvenile court held a jurisdiction and disposition hearing. The court received evidence of DSS written reports and took judicial notice of the dependency file. Following submission by the parties, the juvenile court sustained the allegations of the dependency petition and ordered DSS to provide family reunification services to Mother and Father.

Mother's family reunification services plan required her to participate in mental health assessment and parent education, provide safe and appropriate supervision of her children during visits, and demonstrate an ability to meet the children's needs, among other things.

---

[2] Father is not a party to this petition for extraordinary writ. Mother's petition concerns D.M. only.

2

*Three-Month Interim Hearing*

On June 25, 2015, the juvenile court held a three-month interim hearing. The DSS report stated that the social worker had discussed the case plan with Mother and emphasized that she must attend an orientation class with Tri-Counties Regional Center ("TCRC"). Mother had missed the March, April, and early May orientation classes, but attended and completed the orientation class on May 30, 2015. TCRC reported that it had worked with the family for several years and that Mother lacked "follow through" with her mental health treatment. During this period, Mother also was assessed by county mental health services. At the conclusion of the interim hearing, the juvenile court advised Mother and Father that they must "put [their] feet on the gas and keep it on the gas through this whole case."

*Six-Month Review Hearing*

On September 17, 2015, the juvenile court held a six-month review hearing. By then, Mother had commenced counseling with a therapist and had completed parent education classes. She remained homeless, however, in part because her criminal history precluded her acceptance into subsidized housing. DSS presented evidence that Mother's services plan compliance was minimal; nevertheless, DSS recommended continuation of services for six months. Mother, through counsel, submitted on the recommendation of continued services. The court ordered continued reunification services and set the matter for a 12-month review hearing.

On September 28, 2015, the TCRC social worker recommended to Mother that she initiate adult treatment services with TCRC. By December 2015, Mother had missed mental health therapy appointments and some of D.M.'s appointments, and she remained homeless. On January 29, 2016, DSS learned that Mother had established an online account requesting donations to "[h]elp [her] get [her] kids back from [DSS]." Mother posted photographs of the two children on the account.

*Contested 12-Month Review Hearing*

On March 9, 2016, the juvenile court held a contested 12-month review hearing. DSS recommended the termination of reunification services to Mother due to

3

Mother's inconsistent visitation, homelessness, and minimal compliance with her services plan. The court received evidence of DSS reports and testimony from DSS social workers and Mother.

Mother testified that she contacted TCRC the day prior to the hearing regarding adult assessment and treatment services. She acknowledged that social workers had encouraged her to have a TCRC adult assessment.

Following argument by the parties, the juvenile court found by clear and convincing evidence that DSS had provided reasonable services to Mother, but there was no reasonable probability that D.M. would be returned to her within the next six months. The court then terminated reunification services and set the matter for a permanent plan hearing.

Mother challenges the juvenile court's orders denying further reunification services and setting a permanent plan hearing.

*DISCUSSION*

Mother contends that she did not receive reasonable reunification services because, during the first six months of her services plan, she did not receive an evaluation for her cognitive delays or impairment.

For several reasons, we reject Mother's contention.

First, Mother did not raise the issue of assessment for cognitive delays until the time of the 12-month contested hearing. Indeed, through counsel, she submitted to the DSS recommendations at the six-month review hearing. Thus, she has forfeited this issue on review. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293 [forfeiture rule applies in dependency proceedings], superseded by statute on other grounds as stated by *In re S.J.* (2008) 167 Cal.App.4th 953, 962.)

Forfeiture aside, sufficient evidence supports the juvenile court's determination that Mother received reasonable reunification services. (*Katie V. v. Superior Court* (2005) 130 Cal.App.4th 586, 598-599 [standard is not whether the services provided were the best that might be provided in an ideal world, but whether the services were reasonable under the circumstances].) During the review period, a DSS

4

social worker recommended that Mother herself seek an assessment from TCRC. At the 12-month hearing, DSS social workers testified that a TCRC assessment would address any cognitive delays or impairment that Mother suffers and might result in placement in low-income housing. Social worker Nancy Kuster also testified that TCRC requires "a self-referral" from adults. Nevertheless, Mother did not contact TCRC for her own assessment until the day prior to the 12-month review hearing. Under the circumstances, the services provided were reasonable. (*Ibid.* [standard to determine reasonableness of services].)

We deny the petition for extraordinary writ.

NOT TO BE PUBLISHED.


GILBERT, P. J.


We concur:


YEGAN, J.


PERREN, J.


5

Richard M. Curtis, Judge[*]

Superior Court County of San Luis Obispo

_____

Gerald C. Carrasco for Petitioner.

No appearance for Respondent.

Rita L. Neal, County Counsel, Leslie H. Kraut, Deputy County Counsel, for Real Party in Interest.

---

[*](Retired Judge of Monterey County Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)